# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK O'DELL, | ) | 1:09cv01921 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| TERRY LEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

   Plaintiff Patrick O'Dell ("Plaintiff"), appearing pro se, filed this action on November 2, 2009.

## **BACKGROUND**

   On November 6, 2009, the Court ordered Plaintiff to either submit an application to proceed in forma pauperis or pay the filing fee within thirty days. The Order was returned by the United States Postal Service on November 20, 2009, as undeliverable. The envelope stated, "Return to Sender, Not Deliverable As Addressed, Unable to Forward." The Court attempted to re-serve the order on November 20, 2009. On December 14, 2009, the order was again returned by the U. S. Postal Service as undeliverable. The envelope stated "Not Deliverable As Addressed, Unable to Forward."

On February 23, 2010, the Court re-served the order after the address was updated to reflect "c/o Alberta Carter." On March 29, 2010, Plaintiff filed a motion to proceed in forma pauperis.

On April 8, 2010, the Court ordered Plaintiff to submit a status report because it was unclear whether Plaintiff was incarcerated.

On April 26, 2010, the order was returned by the U. S. Postal Service as "Undeliverable, RTS; No Such Street; Unable to Forward."

On April 29, 2010, the Court re-served the order on Plaintiff at the Inyo County Jail, which was the address he listed on the March 29, 2010, order.

On May 13, 2010, the order was returned by the U. S. Postal Service. The envelope stated, "Undeliverable, Not in Custody."

The Court therefore attempted service at all addresses provided by Plaintiff.

## DISCUSSION

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court advised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over 63 days have passed since Plaintiff's mail was returned and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since November 2, 2009. The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on his failure to keep the Court advised of his current address, no lesser sanction is feasible.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for Plaintiff's failure to prosecute.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A response to the objections, if any, shall be filed within fourteen (14) days after service of the objections.

The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 28, 2010**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE